IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL S. GORBEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-13-53-HE |
| v. | ) | |
| | ) | |
| WARDEN, OKLAHOMA TRANSFER | ) | |
| CENTER, WARDEN, ATLANTA, GA. | ) | |
| TRANSFER CENTER, | ) | |
| | ) | |
| Respondents. | ) | |

REPORT AND RECOMMENDATION

Petitioner, a federal prisoner[1] appearing *pro se*, has filed this action pursuant to 28 U.S.C. § 2241.[2] The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be dismissed without prejudice for failure to comply with the Court's Orders and for failure to prosecute.

---

[1] At the time he filed his initial pleading on January 15, 2013, Petitioner states he was in custody at the Federal Transfer Center located in Oklahoma City, Oklahoma. In the body of the pleading, Petitioner states that he was in custody at the Oklahoma City Federal Transfer Center on December 12, 2012 (he does not indicate when he was transferred to the Oklahoma City Federal Transfer Center), he was transferred to the Federal Transfer Center in Atlanta, Georgia on December 13, 2012, and he was then transferred back to the Federal Transfer Center in Oklahoma City, Oklahoma, on December 28, 2012.

[2] Petitioner has a pending 28 U.S.C. § 2241 petition in this Court. Gorbey v. Warden, Federal Transfer Center, Case No. CIV-12-1331-HE.

In his "Petition for 28 U.S.C. § 2241 Writ of Habeas Corpus" (Doc. # 1), Petitioner alleges the following grounds for relief:

"Ground 1. Denial of Proper or Timely access to the F.BOP Administrative Remedy Process and[/]or F.BOP staff impeedings [sic] or manipulations that make such Remedy Process unconstitutional or inadequate." (Doc. # 1, at 1). In this claim, Petitioner contends he was denied access to an administrative grievance process because he requested administrative grievance forms on December 12, 2013, at the Oklahoma City Federal Transfer Center, he was transferred to the Atlanta Federal Transfer Center the following day, and he only received one grievance form on January 7, 2013.

"Ground 2. Denial of Proper Timely Medical Treatment and[/]or Medications." (Doc. # 1, at 2). In this claim, Petitioner contends that while he was confined at the Oklahoma City Federal Transfer Center he was denied prescribed medical treatment in the form of wrist and knee braces and a medication for "some 45 - 50 days."

"Ground 3. Oklahoma Staff Are Opening And Sensoring [sic] Gorbeys legal mail outside Gorbey's Presence." (Doc. # 1, at 3). As support, Petitioner contends that unidentified "staff" at the Oklahoma City Federal Transfer Center opened two pieces of his "legal mail" outside of his presence.

"Ground 4. Gorbey is being Denied Timely legal Postage at Oklahoma City Transfer Center." (Doc. # 1, at 3).

"Ground 5. Denial of Proper or Timely Access to the Unit Team Staff at Oklahoma Transfer Center." (Doc. # 1, at 4). He alleges in support of this claim that he could only see

a counselor on Wednesdays.

At this point in his pleading, Petitioner states that he will address "Atlanta Georgia issues.  Ground 1. Denial of <u>All</u> indogent [sic] Postage." (Doc. # 1, at 4).

"Ground 2. Denial of Medical Treatment." (Doc. # 1, at 4).

"Ground 3. Denial of Proper linon [sic], sheets, blankets[,] Pillow case [and] Deniel [sic] of Any Exchanges [and] Hygiene." (Doc. # 1, at 5).

"Ground 4. Denial of Proper Timely Access To the Remedy Process or unconstitutional impeedings [sic]." (Doc. # 1, at 5).  These latter four claims appear to relate solely to his temporary confinement between December 13, 2012 and December 28, 2012, at the Federal Transfer Center in Atlanta, Georgia.

As relief, Petitioner requests "these issues [be] Remanded to the Proper Authorities and (Fixed)." (Doc. # 1, at 5).  He also requests "Proper Timely Access to the F.BOP Administrative Remedy Process at any F.BOP Facility He is Held At," "Proper Timely Medical Treatment and[/]or medications at all F.BOP Facilities," "Proper Timely Postage legal [and] Personal at all F.BOP Facilities," "Proper linen at all F.BOP Facilities," and "Proper Hygiene [and] laundry at all F.BOP Facilities." (Doc. # 1, at 5).

Having undertaken a preliminary review of the sufficiency of the "Petition," the undersigned entered an Order to Cure Deficiencies. (Doc. # 5).  In this Order, Petitioner was advised that in consideration of the nature of his claims and the relief he requested he must bring a civil rights action pursuant to 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971)("<u>Bivens</u>").  Petitioner was

additionally advised that in his <u>Bivens</u> complaint he must identify the individuals who allegedly deprived him of one or more constitutional rights.

Further, Petitioner was advised that if he intended to seek leave to proceed *in forma pauperis* in this action, upon his filing of a proper civil rights complaint the Court would consider his motion to proceed without prepayment of the $350.00 filing fee.  With any request seeking leave to proceed *in forma pauperis*, Petitioner was advised that, because of his history of filing numerous actions in other courts that were dismissed on grounds the claims were frivolous and/or failed to state a claim for relief, all of which were described in the Order, he must provide the necessary information to determine whether he should be allowed to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). <u>See</u> <u>Treff v. Galetka</u>, 74 F.3d 191, 197 (10th Cir. 1996)("Leave to proceed without prepayment of fees and costs is a privilege, not a right.").

Petitioner was given until February 6, 2013, to file his complaint pursuant to <u>Bivens</u> and, unless he paid the full $350.00 filing fee, to submit an application for leave to proceed *in forma pauperis* with an accompanying brief pursuant to 28 U.S.C. § 1915(g).  Petitioner was advised that if he failed to comply with the Order the undersigned would recommend dismissal of this action without prejudice.

Although a pro se litigant's pleadings are liberally construed, *pro se* parties must "follow the same rules of procedure that govern other litigants." <u>Garrett v. Selby Connor Maddux & Janer</u>, 425 F.3d 836, 840 (10th Cir. 2005)(internal quotations and citation omitted).  The Court will not construct legal arguments or theories for a *pro se* litigant. <u>Hall</u>

4

v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.").

To this date, Petitioner has failed to comply with this Court's Order despite being advised of his obligation to do so and the consequences of a failure to comply with the directives in the Order. Such failure and the Court's authority to manage and control its caseload warrant the dismissal of the pending action without prejudice. See United States ex rel. Jimenez v. Health Net, Inc., 400 F.3d 853, 855 (10th Cir. 2005)("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules."); Brandenburg v. Beaman, 632 F.2d 120, 122 (10th Cir. 1980)(*per curiam*)(upholding dismissal of inmate's habeas corpus/civil rights complaint for failure to follow local procedural rules); Soeken v. Estep, 270 Fed.Appx. 734, 735-736 (10th Cir. 2008)("A district court possesses broad discretion in determining whether to dismiss a petition without prejudice for failure to comply with court orders.").

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DISMISSED without prejudice for failure to comply with the Court's Order and for failure to prosecute. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by   March 4th  , 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the

recommended ruling.  Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this    11th    day of   February  , 2013.

*[Signature]*

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE